1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9       FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  WILFREDO C. CAUYONG,              )    No. C 12-02606 EJD (PR)
                                      )
            Petitioner,               )    ORDER GRANTING MOTION TO
12                                    )    STAY; INSTRUCTIONS TO CLERK
      vs.                             )
13                                    )
                                      )
14  CONNIE GIBSON, Warden,            )
                                      )
15          Respondent.               )
    _____ )    (Docket No. 2)
16

17          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Petitioner has paid

19  the filing fee.  (Docket No. 4.)  Petitioner requests that the instant petition be stayed to

20  allow him to exhaust unexhausted claims in the state courts.

21

22                              STATEMENT

23          Petitioner was found guilty by a jury in San Mateo County Superior Court of

24  twenty-four counts of violating Penal Code § 288(a) (oral copulation).  (Pet. 2.)  On May

25  11, 2009, Petitioner was sentenced to twenty-four years in state prison.  (Id.)

26          The state appellate court affirmed the judgment, and the state high court denied

27  review on in 2011.  (Id. at 3.)  Petitioner filed a habeas petition in the California Supreme

28  Court on May 11, 2012, which remains pending.  (Id.)  Petitioner filed the instant federal

1  petition on May 11, 2012.

2

3                              **DISCUSSION**

4  A.    Motion to Stay

5         Petitioner alleges numerous claims under the Fifth, Sixth and Fourteenth

6  Amendments, which he admits includes unexhausted claims.  Petitioner claims that he

7  filed a state habeas petition purely to exhaust claims which his defense counsel refused to

8  appeal.  (Mot. at 2; Docket No. 2.)  Petitioner requests the Court to stay and abey the

9  petition to permit him to exhaust all claims in state court.

10        Prisoners in state custody seeking to challenge collaterally in federal habeas

11  proceedings either the fact or length of their confinement are first required to exhaust

12  state judicial remedies, either on direct appeal or through collateral proceedings, by

13  presenting the highest state court available with a fair opportunity to rule on the merits of

14  each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c);

15  Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3

16  (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The exhaustion

17  requirement is satisfied only if the federal claim (1) has been "fairly presented" to the

18  state courts, see id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state

19  remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

20  Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  Petitioner admits

21  that several ineffective assistance of counsel claims are currently pending before the state

22  high court, and were not exhausted at the time he filed the instant petition.  See 28 U.S.C.

23  § 2254(b),(c).  Accordingly, the instant petition is a mixed petition.

24        District courts have the authority to issue stays and AEDPA does not deprive them

25  of that authority.  Rhines v. Webber,  544 U.S. 269, 277-78 (2005).  However, the district

26  court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes

27  of reducing delay in the execution of criminal sentences and encouraging petitioners to

28  seek relief in the state courts before filing their claims in federal court.  Id. at 277.

Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  Id.  The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims are potentially meritorious.  Consequently, Petitioner's motion to stay this action while he exhausts all claims in the state high court will be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Petitioner's motion to stay the petition is GRANTED, (Docket No. 2), and the above-titled action is hereby STAYED until **thirty (30) days** after the state high court's final decision on Petitioner's unexhausted claims.

2.      If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the Supreme Court of California, and if he has not obtained relief in state court, thereafter notify the Court **within thirty (30) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted.

3.      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.  When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

This order terminates Docket No. 2.

Dated:  _____7/24/2012_____          _____
                                          EDWARD J. DAVILA
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILFREDO CORTEZ CAUYONG,

                Petitioner,

   v.

CONNIE GIBSON, Warden,

                Respondent.

_____/

Case Number: CV12-02606 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/25/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wilfredo Cortez Cauyong G-60779
Corcoran State Prison
P. O. Box 3471
Corcoran, CA 93212-3471

Dated: _____7/25/2012_____

                                 Richard W. Wieking, Clerk
                        /s/By: Elizabeth Garcia, Deputy Clerk