FILED

AUG 3 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO C. CAUYONG,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | No. C 12-02606 EJD (PR)<br><br>ORDER LIFTING STAY AND REOPENING ACTION; TO SHOW CAUSE<br><br><br><br><br><br>(Docket No. 7) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court granted Petitioner's motion to stay the action to exhaust claims in the state courts on July 25, 2012. (Docket No. 9.) Petitioner was directed to notify the Court within thirty days of the California Supreme Court's decision denying him relief to reopen this action by filing a motion to reopen this action. (Id.)

On August 24, 2012, Petitioner filed notice that the state high court denied relief. (Docket No. 6.) Petitioner's motion for a ruling is GRANTED. (Docket No. 7.) The stay is LIFTED. The Court will proceed with an initial review of the petition.

///

///

## BACKGROUND

Petitioner was found guilty by a jury in San Mateo County Superior Court of twenty-four counts of violating Penal Code § 288(a) (oral copulation). (Pet. 2.) On May 11, 2009, Petitioner was sentenced to twenty-four years in state prison. (Id.)

The state appellate court affirmed the judgment, and the state high court denied review on in 2011. (Id. at 3.) Petitioner alleges that he has exhausted all the claims in the instant petition as the California Supreme Court denied his state petition on August 8, 2012. (Docket No. 6 at 1.)

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner alleges the following claims as grounds for habeas relief: 1) his right to a fair trial was violated because one of the jurors did not understand English; 2) the prosecutor violated his rights by eavesdropping on private conversations with defense counsel; 3) the prosecution violated his rights by monitoring his phones calls with counsel while he was incarcerated at the county jail and then using the recordings in the trial; 4) ineffective assistance of trial counsel; 5) ineffective assistance of appellate counsel; and 6) his right to a speedy trial was violated. Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

1. Petitioner's motion for a ruling, (Docket No. 7), is GRANTED. The Clerk shall reopen the file.

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, **within ninety (90) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

4. Alternatively, Respondent may, within **ninety (90) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a

1  timely fashion. Failure to do so may result in the dismissal of this action for failure to
2  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3      This order terminates Docket No. 7.

DATED: 8/30/13

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILFREDO C. CAUYONG,

        Petitioner,

v.

CONNIE GIBSON, Warden,

        Respondent.

        Case Number: CV12-02606 EJD

        **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/30/13_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wilfredo Cortez Cauyong G-60779
Corcoran State Prison
P. O. Box 3471
Corcoran, CA 93212-3471

Dated: _____8/30/13_____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk